Eaton v. Western Life Indemnity Co., 185 Ill. App. 217.

## Leila Burdell Eaton by Louis J. Pierson, Appellant, v. Western Life Indemnity Company, Appellee.

### Gen. No. 18,845.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

### Statement of the Case.

Action by Leila Burdell Eaton, by her next friend, Louis J. Pierson, against Western Life Indemnity Company to recover an amount claimed to be due upon a membership certificate, in the nature of an insurance policy, issued by the defendant, a corporation organized under the Act of June 18, 1883, J. & A. ¶ 6577, for the purpose of furnishing life indemnity upon the assessment plan to widows or heirs of deceased members. From a judgment entered for defendant upon a directed verdict, plaintiff appeals.

CLARK VARNUM and S. R. CLUTE, for appellant.

THOMAS J. GRAYDON and ASHCRAFT & ASHCRAFT, for appellee; EDWIN M. ASHCRAFT, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 906*—*when evidence insufficient to prove assessment invalid.* In an action to recover upon a membership certificate where a defense is interposed that the membership was forfeited for failure to pay assessments levied to pay death claims, a contention of plaintiff that the assessments were invalid because unnecessary for the reason that the company had a surplus fund of $300,000 in excess of pending claim, *held* not established by the evidence, it appearing that the company was authorized by the law under which it was organized and its constitution and by-laws to provide

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

a death fund and a contingent fund, and there being no evidence to contradict defendant's evidence that there was no money in the death fund at the time the assessments were levied.

2. INSURANCE, § 853*—*when company not estopped from interposing defense.* An insurance company does not waive nor is it estopped from interposing a defense other than a forfeiture for nonpayment of assessment, because it based its refusal to pay solely upon that ground with full information as to other facts constituting a forfeiture, where it does not appear that the plaintiff was misled or influenced to her injury by failure to assign other reasons.

3. STIPULATIONS, § 22*—*when plaintiff estopped to deny stipulation as to pleadings.* Plaintiff, on appeal, cannot urge that a defense was not specially pleaded where the record shows that during the trial he did not object to a statement made by the court: "Let the record show that it is agreed by counsel for both parties that there may be introduced in evidence in this case any evidence in support of any plea which might properly be pleaded to the declaration."

4. TRIAL, § 191*—*when direction of verdict for defendant proper.* Where evidence of an affirmative defense is offered, it is proper to direct a verdict for defendant even though all the averments of the declaration are proved, if the evidence of the affirmative defense is not contradicted or explained.